

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JERRY O. FIELDS and | ) | CASE NO. 12-39084-H3-7 |
| CAROL C. FIELDS, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on the reaffirmation agreement (Docket No. 25) between Debtors and Green Tree Servicing, LLC ("Green Tree").  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying approval of the reaffirmation agreement and declaring the effect of discharge with respect to Green Tree Servicing, LLC.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Jerry O. Fields and Carol C. Fields ("Debtors") filed a voluntary joint petition, pro se, under Chapter 7 of the Bankruptcy Code on December 5, 2012.

Debtors have filed, inter alia, schedules of income and expenses.  Debtors' schedule I indicates that Debtors are receiving $1,583.90 per month in income, all of which consists of

Social Security benefits.  Debtors' schedule J indicates that Debtors have expenses of $2,695.03 per month.  Debtors' scheduled expenses exceed their scheduled income by $1,111.13 per month.  (Docket No. 10).

In the instant reaffirmation agreement, Debtors have agreed to reaffirm a debt owed to Green Tree, in the amount of $14,375.76, secured by a mobile home.  Mr. Fields testified that the monthly payment on the mobile home is $499.54.  He testified that Green Tree does not have a security interest in the land on which the mobile home is situated.

Mr. Fields testified that the mobile home is Debtors' home.  He testified that Debtors could not rent an apartment for the price they pay for the mobile home.  He testified that Debtors are current on their payments.  He testified that Debtors have approximately four years remaining to pay the debt in full.

In connection with the instant reaffirmation agreement, Debtors filed a statement in support.  Debtors' statement in support indicates that they have monthly income of $1,730.80, and monthly expenses of $2,695.03, such that Debtors' expenses exceed their income, as stated on the statement in support, by $964.23.  (Docket No. 25).

Mr. Fields testified that he has previously worked as a corrections officer in the Luther Unit of the Texas Department of Corrections.  He testified that he was released by his doctor for

light duty work on the date of the hearing on the instant motion. He testified that he intends to seek light-duty work until he is fully released for all work.  He testified that he anticipates he will be released for work on April 15, 2013.

## Conclusions of Law

A discharge in a Chapter 7 case does not extinguish a debt itself, but rather extinguishes the debtor's personal liability for the debt.  <u>In re Edgeworth</u>, 993 F.2d 51 (5th Cir. 1993).

Under Section 524(c) of the Bankruptcy Code, a debtor may reaffirm a debt, and thereby reestablish personal liability for the debt, if the agreement complies with the statutory requirements.  <u>In re Rigal</u>, 254 B.R. 145 (Bankr. S.D. Tex. 2000).

Under Section 524(m) of the Bankruptcy Code, the court may disapprove a reaffirmation agreement if a presumption of undue hardship applies, and the presumption is not rebutted to the satisfaction of the court.

In the instant case, Debtors' schedules and the testimony of Mr. Fields indicate an inability to make the payments called for under the reaffirmation agreement.  The court concludes that the presumption of undue hardship, which applies with respect to the reestablishment of Debtor's personal liability for the debt, has not been rebutted to the satisfaction of the court.

      The court notes that disapproving the instant reaffirmation agreement does not effectuate a requirement that Debtors vacate the property or turn the property over to Green Tree. The court notes Mr. Fields' testimony that Debtors are current in their payments.

      Based on the foregoing, a separate Judgment will be entered denying approval of the reaffirmation agreement and declaring the effect of discharge with respect to Green Tree Servicing, LLC.

      Signed at Houston, Texas on March 19, 2013.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE